## THE SHERWIN WILLIAMS COMPANY

v.

### BARGAIN BARN, Inc.

#### Civ. 3524.

United States District Court
S. D. Indiana, Indianapolis Division.

Feb. 16, 1954.

Barnes, Hickam, Pantzer & Boyd, Indianapolis, Ind., for plaintiff.

Kothe & Shotwell and Baker & Daniels, Indianapolis, Ind., for defendant.

STECKLER, Chief Judge.

The above entitled cause came on regularly for trial and the Court having duly considered the evidence as stipulated by the parties, together with the briefs of the parties and the oral arguments thereon, and being fully advised in the premises now finds the following:

### Findings of Fact

1. Plaintiff is an Ohio corporation, with its principal place of business located in the City of Cleveland, Ohio, and is authorized to do business in the State of Indiana. Defendant is an Indiana corporation, with its principal place of business located in Marion County, Indiana, at 8006–8008 East Washington Street, approximately one mile east of the city limits of the City of Indianapolis, Indiana. The matter here in controversy exceeds the sum or value of $3,000, exclusive of interest and costs.

2. Plaintiff is a manufacturer and distributor of paint products which it sells under its trade-marks throughout the United States. It is the owner of registered trade-marks, Kem-Glo, No. 545,522, and Super Kem-Tone, No. 573,-737, and manufactures and sells paints bearing such trade-marks. Plaintiff has expended large sums of money advertising and selling such trade-marked products and has established business good will for such products in many areas, including Marion County, Indiana. Such products are in free and open competition with commodities of the same class distributed by others in Marion County, Indiana, and elsewhere throughout the United States.

3. Defendant is engaged in the retail hardware and paint business and sells Kem-Glo and Super Kem-Tone at its store.

4. Plaintiff and others engaged in selling such paints at wholesale and at retail in the City of Indianapolis, Indiana, have executed Fair Trade Agreements under the Indiana Fair Trade Act, Chapter 17, Laws of 1937, Burns' Ann. St. §§ 66–301 to 66–309, pursuant to which minimum retail prices for Kem-Glo and Super Kem-Tone have been established. Such agreements have been in effect continuously since prior to May 1, 1952, and are now in effect.

5. Since May 1, 1952, defendant has known of the existence of such agreements, but has never been a party thereto.

6. Defendant has been and is willfully and knowingly advertising, offering for sale and selling Kem-Glo and Super Kem-Tone bearing plaintiff's trade-marks at prices which are less than the minimum prices designated pursuant to such Fair Trade Agreements, all in violation of the provisions of such Indiana Fair Trade Act. Defendant threatens to continue to advertise, offer for sale and sell Kem-Glo

**224**

and Super Kem-Tone at prices below those fixed pursuant to such agreements although plaintiff has made demands upon defendant to discontinue such conduct. Such advertising and selling have not come within any of the exceptions provided by Section 5 of the Indiana Fair Trade Act.

7. Plaintiff has received numerous complaints from its wholesalers and dealers with respect to defendant's advertising and refusal to observe the established Fair Trade prices for Kem-Glo and Super Kem-Tone, and plaintiff is threatened with the loss of the valuable services of many of such dealers unless defendant is enjoined from willfully and knowingly advertising, offering for sale and selling Kem-Glo and Super Kem-Tone at less than the minimum prices designated pursuant to such Fair Trade Agreements in violation of the Indiana Fair Trade Act.

8. Plaintiff has sustained damage to the good will established in connection with its trade-marked products, Kem-Glo and Super Kem-Tone, due to such violations of the Indiana Fair Trade Act by defendant, and is threatened with further damage to such good will by future violations unless defendant is enjoined from willfully and knowingly advertising, offering for sale and selling Kem-Glo and Super Kem-Tone at less than the minimum prices designated for such products by Fair Trade Agreements in connection with such products and entered into pursuant to the provisions of the Indiana Fair Trade Act.

Conclusions of Law

From the foregoing facts the Court concludes:

1. This Court has jurisdiction over the parties and the subject matter in the cause of action.

2. The law is with the plaintiff and against the defendant on plaintiff's complaint.

[1] 3. The Indiana Fair Trade Act is valid and constitutional under the United States Constitution and the Indiana Constitution.

4. Defendant has violated, is violating and threatens to continue to violate the provisions of such Act in connection with plaintiff's trade-marked products, Kem-Glo and Super Kem-Tone.

5. Plaintiff is without an adequate remedy at law with respect to such violations.

6. Plaintiff is entitled to have defendant permanently enjoined from willfully and knowingly advertising, offering for sale or selling Kem-Glo or Super Kem-Tone at less than the minimum prices designated by Fair Trade Agreements executed pursuant to the Indiana Fair Trade Act. Accordingly counsel for the plaintiff are directed to submit an appropriate injunctive order to be issued by the Court in this cause.

7. The costs of this action shall be taxed against the defendant.